IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA ERIC WILKES, #A6008448 | CIV. NO. 11-00040 HG-BMK |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT WITH PREJUDICE |
| HCCC JAIL, HCCC NURSES OFFICE, STATE OF HAWAII, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

On January 19, 2011, *pro se* plaintiff Joshua Eric Wilkes, filed this prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, and an *in forma pauperis* ("IFP") application. Wilkes names the HCCC Jail, the HCCC Nurses' Office, and the State of Hawaii as defendants to this suit. The court granted Wilkes's IFP application and now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). The Complaint is DISMISSED with prejudice as detailed below.

### I. STATUTORY SCREENING

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2). If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II. DISCUSSION

Wilkes's Complaint raises three causes of action: the alleged denial of (1) access to the courts, law library, and legal assistance (Count I); (2) medical and dental care, sufficient recreation, and a non-allergenic diet (Count II); and (3) a sleeping pad and medical care for a back injury sustained in 2008, allegedly caused by inadequate living conditions in prison.

### A. Wilkes's Claims are Duplicative of Claims Alleged in Civ. No. 10-00748 DAE

The court may dismiss a complaint or individual claims when they are duplicative of claims brought in another case. *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding the court has discretion to dismiss an action as frivolous under 28 U.S.C. § 1915 where the complaint "merely repeats pending or previously litigated claims").

On December 10, 2010, Wilkes filed his first prisoner civil rights complaint in this court. *See Wilkes v. Hilo Courthouse*, Civ. No. 10-00748 DAE. Wilkes raised, *inter alia*, the same claims in that action as he raises in the present Complaint.[1] *See id.*, Doc. 1, Compl. 5-7; Doc. 7, Order Dismissing Complaint at 3. The court dismissed the complaint in Civ. No. 10-00748 on January 21, 2011, for failure to name proper defendants or otherwise state a claim, with leave granted to amend on or before February 21, 2011.[2] *Id.*

Wilkes has now filed five federal actions in this court alleging substantially identical claims against substantially similar defendants.[3] He has also filed twenty-nine state court actions in 2010-2011, that name the same or substantially similar defendants.[4] *See* Hawai`i State Judiciary Ho`ohiki, avail. at

---

[1] The court may take notice of its own records and files, as well as matters of public record whose accuracy is capable of ready determination. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); Fed. R. Evid. 201(b).

[2] The present action was filed before the complaint in Civ. No. 10-00748 was dismissed; the court does not, therefore, construe the instant Complaint as an attempt to amend Civ. No. 10-00748.

[3] *See Wilkes v. Hilo Courthouse*, Civ. No. 10-00747 (habeas action); *Wilkes v. Hilo Courthouse*, Civ. No. 10-00748; *Wilkes v. HCCC Jail*, Civ. No. 11-00040; *Wilkes v. Hilo Central Hosp.*, Civ. No. 11-00041.

[4] *See e.g., Wilkes v. Hilo State Hosp.*, 3CC10-1-000144; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000145; *Wilkes v. Nurses Office Hilo Jail*, 3CC10-1-000146; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000236; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000237;

http://www.hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.
While it is unclear whether Wilkes is maliciously filing these repetitive actions, it is clear that he is nonetheless abusing the state and federal court systems. Even if Wilkes misunderstands legal procedure, his repetitive filings in this district are frivolous. Wilkes has raised the claims he asserts in this action in Civ. No. 10-00748, which is still pending; he may adjudicate them there if he successfully amends his complaint. Amendment in this action, however, is futile, and it is DISMISSED with prejudice as frivolous.

**B.    28 U.S.C. § 1915(g)**

Wilkes is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

//

---

*Wilkes v. Hilo Hosp.*, 3CC10-1-000242; *Wilkes v. Public Defenders Office*, 3CC10-1-000243; *Wilkes v. Hilo Courthouse*, 3CC10-1-000309.

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). The Clerk shall close the file and terminate this action.

(2) This action may be counted as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2011.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Wilkes v. HCCC Jail, et al.*, Civ. No. 11-00040 HG-BMK; psas\Screening\dmp\2011\Wilkes 11-40 HG (friv dplctv)